UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ULLRICH,<br><br>                     Petitioner,<br><br>v.<br><br>IDAHO STATE SUPREME COURT; CALIFORNIA STATE SUPREME COURT; UNITED STATES DISTRICT COURT BOISE, IDAHO; UNITED STATES DISTRICT COURT SAN DIEGO, CALIFORNIA; UNITED STATE COURT OF APPEALS,<br><br>                     Defendants. | Case No.: 16-CV-1130-AJB-DHB<br><br>**ORDER**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g), (Doc. No. 2); AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE AS REQUIRED BY 28 U.S.C. § 1914(a)** |

      Petitioner Stephen Ullrich ("Petitioner"), currently incarcerated at the Idaho State Correctional Institution in Boise, Idaho, has filed an incomprehensible petition for writ of mandamus requesting declaratory relief that "legal disabilities, [*sic*] frustrate, hinder, or chill his access to administrative and judicial grievances," as well as injunctive relief granting him access to certain records. (Doc. No. 1 at 4.) He also seeks relief in the form of proceeding against Defendants for their allegedly wrongful dismissals of the multiple frivolous lawsuits he has filed. Petitioner has filed an application to proceed *in forma pauperis* ("IFP") in this case to exempt him from prepaying the filing fee. (Doc. No. 2.)

## LEGAL STANDARD

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Petitioner, however, "face an additional hurdle." *Id.* That is, prisoners are required to "pay the full amount of a filing fee" in monthly installments or increments. 28 U.S.C. § 1915(b); *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015). However, the Prison Litigation Reform Act ("PLRA") amended § 1915 to preclude the privilege of proceeding IFP

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim[,]" *id.*, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, § 1915(g) prohibits him or her from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury" at the time the action is instituted. 28 U.S.C. § 1915(g). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

## DISCUSSION

As an initial matter, the Court has carefully reviewed Petitioner's complaint and has determined that it does not contain any plausible allegations to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) [hereinafter *Cervantes*]. Instead, Petitioner appears to claim he

is being denied access to the courts based on the dismissal of his prior lawsuits.[1]

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Accordingly, the Court judicially notices the fact that Petitioner, Stephen Ullrich, identified as Idaho Department of Corrections Inmate #56989, has had at least seven prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:

1. *Ullrich v. Idaho*, Civil Case No. 1:05-cv-00340-LMB (D. Idaho Dec. 7, 2005) (order dismissing complaint for failing to state a claim per 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 7]) (strike one);

2. *Ullrich v. Barnhart*, Civil Case No. 1:06-cv-00080-EJL (D. Idaho May 1, 2006) (initial review order denying IFP and dismissing complaint for failure to state a claim per 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 10]) (strike two);

3. *Ullrich v. Canyon Cnty. Commr's*, Civil Case No. 1:06-cv-00095-EJL (D. Idaho May 30, 2006) (order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(2) [Doc. No. 6]) (strike three);

4. *Ullrich v. Canyon Cnty.*, Civil Case No. 1:06-cv-00320-EJL (D. Idaho Oct. 16, 2006) (initial review order dismissing case as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 10]) (strike four);

5. *Ullrich v. Prior*, Civil Case No. 1:06-cv-00500-EJL (D. Idaho Jan. 31, 2007) (initial review order dismissing complaint for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 13]) (strike

---

[1] To the extent Petitioner seeks to challenge the constitutionality of 28 U.S.C. § 1915(g) because it has precluded his ability to proceed IFP in other cases, his access-to-courts claim is foreclosed by the Ninth Circuit's decision in *Rodriguez v. Cook*, 169 F.3d 1176, 1179–81 (9th Cir. 1999) ( "§ 1915(g) does not infringe upon on inmate's meaningful access to the courts").

five);

6. *Ullrich v. Idaho*, Civil Case No. 1:07-cv-00440-BLW (D. Idaho April 28, 2008) (initial review order dismissing complaint for failure to state cognizable claims pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 8]) (strike six); and

7. *Ullrich v. Idaho*, Civil Case No. 1:08-cv-00076-BLW (D. Idaho June 16, 2008) (initial review order dismissing complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 7]) (noting that Petitioner had "filed at least twenty-six (26) civil lawsuits in the District of Idaho involving the same allegations arising out of his criminal conviction and alleged civil rights violations," his "failure to prevail in any of them," and previous unheeded warnings "to stop filing complaints involving previously litigated claims," resulting in the issuance of a pre-filing review order in the District of Idaho) (strike seven).

Because Petitioner has, while incarcerated, accumulated more than three strikes pursuant to § 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 ("§ 1915(g) does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission to proceed [IFP] is itself a matter of privilege and not right").[2]

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's motion to proceed IFP, (Doc. No. 2), as barred by 28 U.S.C. § 1915(g); (2) **DISMISSES** this action

---

[2] The Court notes that Judge Benitez similarly dismissed a complaint filed by Petitioner for violation of § 1915(g). *See Ullrich v. United States District Court Boise, Idaho*, Civil Case No. 3:16-cv-01135-BEN-JLB (S.D. Cal. July 28, 2016) (Doc. No. 5).

1 **WITHOUT PREJUDICE** for failure to pay the full statutory and administrative $400 civil filing fee as required by 28 U.S.C. § 1914(a); and (3) **CERTIFIES** that an IFP appeal from this order would be frivolous and therefore would not be in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous). Failure to pay the filing fee by *August 29, 2016*, will result in this case's closure.

**IT IS SO ORDERED**.

Dated:  August 1, 2016

Hon. Anthony J. Battaglia
United States District Judge